UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKEY LAMAR EVANS, JR.,

    Plaintiff,

v.                                    Case No. 8:23-cv-2365-CEH-CPT

MARRISSA K. ROZAS, *et al.*,

    Defendants.
_____/

## ORDER

Evans, a Florida pretrial detainee who initiated this action by filing a civil rights complaint, moves for a temporary restraining order (Doc. 5). Evans asserts that he fears when Defendants are served with his complaint, they will retaliate against him or harass him. Evans appears to seek an order directing Defendants to move him out of the Hillsborough County Jail.

Evans has not shown he is entitled to a temporary restraining order. A court's issuance of a temporary restraining order is an extraordinary remedy. *See United States v. Lambert*, 695 F.2d 536 (11th Cir. 1983). A party seeking a temporary restraining order must show: 1) a substantial likelihood of success on the merits, 2) irreparable injury if the injunction is not granted, 3) that the threatened injury outweighs the harm the relief would inflict on the non-movant, and 4) that the entry of relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Further, a court may grant temporary injunctive relief without notice to the adverse party only if:

1

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant[ ] ... certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Evans has not satisfied these standards, nor has he complied with the requirements of Local Rule 6.01 (M.D. Fla.) governing the procedure for seeking the imposition of a temporary restraining order in this district. Moreover, his motion fails on the merits because he has not shown that injunctive relief is necessary to prevent irreparable injury, as he has offered only speculation of future harm. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir.1994) (To obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury.") (emphasis in original).

Accordingly, the Court **ORDERS** that Evans' motion for a temporary injunction (Doc. 5) is **DENIED WITHOUT PREJUDICE**.

ORDERED in Tampa, Florida, on January 19, 2024.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*