UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKEY LAMAR EVANS, JR.,

   Plaintiff,

v.                                                            Case No. 8:23-cv-2365-CEH-CPT

MARRISSA K. ROZAS, *et al.*,

   Defendants.
_____/

**ORDER**

Plaintiff, a Florida pre-trial detainee, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). He names as defendants the prosecutor, Marrissa K. Rozas, and his defense counsel, Assistant Public Defender Ashely G. Allen, in his pending state criminal case, and seven officers with the Hillsborough County Sheriff's Department. He alleges the law enforcement defendants discovered drugs in his vehicle during an illegal search, and his attorney and the prosecutor "are against [him] and someone has to be held liable for [his] rights being violated. . . ." (*Id.*). As relief, he seeks monetary damages (*Id.*).

After examining the complaint in accord with 28 U.S.C. § 1915(e)(2)(B),[1] it must be

---

[1] Plaintiff's failure to pay the filing fee is construed as a request to proceed as a pauper in this case. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

1

dismissed because it seeks monetary damages from a defendant (Rozas) immune from such relief, and a defendant (Allen) who was not acting under color of state law. Moreover, the complaint fails to state a claim upon which relief can be granted against the law enforcement officers.

I. Claim against Defendant Rozas

Prosecutors are absolutely immune from liability in § 1983 actions for prosecutorial actions intimately associated with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 129 S.Ct. 855, 860 (2009) (citation omitted). "Prosecutorial actions" include, among other things, "the initiation and pursuit of a criminal prosecution. . . ." *Hoffman v. Office of State Attorney, Fourth Judicial Circuit*, 793 F. App'x 945, 950 (11th Cir. 2019). Plaintiff's allegations relate to Defendant Rozas' prosecutorial duty of pursuing a criminal prosecution. Therefore, absolute prosecutorial immunity bars the claim against Defendant Rozas.

II. Claim against Defendant Allen

The claim against Defendant Allen is fatally flawed because it fails to meet the requirements of a § 1983 action as public defenders are not persons "acting under color of state law" for purposes of the statute.[2] Significantly, the United States Supreme Court has

---

monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] In a § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights,

2

held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County, et al. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). *See also Pearson v. Myles*, 189 F. App'x 865 (11th Cir. 2006) (criminal defendant's court-appointed defense counsel did not act under color of state law in representing defendant, and therefore was not subject to liability under § 1983 for failing to request mental evaluation and preventing defendant from withdrawing his guilty plea). Accordingly, the claim against Defendant Allen must be dismissed for failure to state a claim upon which relief may be granted.

III. Claims against law enforcement defendants

Because Plaintiff sues the law enforcement officers solely in their official capacities (Doc. 1 at docket p. 4), this action is essentially a claim against the governmental entity that employs them, in this case, Chad Chronister, Hillsborough County Sheriff. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.4 (1985). Plaintiff's complaint alleges no facts showing that a custom or policy implemented by the Sheriff was the "moving force" behind the law enforcement officers' actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made

---

privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted).

by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Therefore, the complaint fails to allege a claim upon which relief can be granted against the law enforcement officers in their official capacities. Accordingly, it is

**ORDERED:**

1. The claims against Defendants Rozas and Allen are **DISMISSED** with prejudice. The claims against the remaining defendants are **DISMISSED** without prejudice to Plaintiff filing an amended complaint within 30 days from the date of this Order. Plaintiff must use the form provided to him by the Clerk and write "Amended Complaint" on the form. Failure to timely file an amended complaint will result in dismissal of this action without further notice.

2. The **Clerk of the Court** is directed to send a copy of the Court's form for initiating a civil rights action to Plaintiff with his copy of this Order.

3. The motions to have the Marshal serve process (Docs. 6, 9) are **DENIED** as moot, because the complaint has been dismissed.

DONE and ORDERED in Tampa, Florida, on February 21, 2024.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*