UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKEY LAMAR EVANS, JR.,

    Plaintiff,

v.                                           Case No. 8:23-cv-2365-CEH-CPT

CHAD CHRONISTER, *et al.*,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's amended complaint under 42 U.S.C. § 1983 (Doc. 11). He names as defendants eight law enforcement officers with the Hillsborough County Sheriff's Department. He alleges they discovered drugs in his vehicle during an illegal search and falsely arrested him in violation of the Fourth Amendment to the United States Constitution (*Id.*).[1] As relief, he seeks monetary damages (*Id.*). The

---

[1] Plaintiff also alleges Defendants violated his rights under the Fifth, Eighth, and Fourteenth Amendments. However, those claims are subject to dismissal because he alleges no facts in support. Moreover, the Fifth Amendment is not applicable because Defendants are state officials, not federal officials. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1328 (11th Cir. 2015) ("The Fifth Amendment. . .protects a citizen's rights against infringement by the federal government, not by state government.") (citations omitted). And the Eighth Amendment applies to convicted prisoners. *Id.* (". . .[T]he Eighth Amendment. . .applies only after a citizen has been convicted of a crime. . . .") (citation omitted). Because Plaintiff was not a convicted prisoner at the time of the events, no Eighth Amendment claim can be made. Finally, Plaintiff fails to state a claim for a Fourteenth Amendment equal protection violation because he alleges no facts showing he was treated differently from other similarly situated individuals, and the discriminatory treatment was based on a constitutionally protected

1

Court reviews whether the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from relief. 28 U.S.C. § 1915(e)(2).

Judicially noticed records from state court show that an information charged Plaintiff with trafficking in amphetamine, possession of a controlled substance, and possession of drug paraphernalia. *State v. Evans*, No. 23-CF-10019-A (Fla. 13th Jud. Cir.). Following a jury trial, Plaintiff was convicted of trafficking in amphetamine and possession of drug paraphernalia on May 1, 2024. *Id*. The possession of a controlled substance charge was *nolle prossed*. *Id*.

Resolving the § 1983 claims requires the Court to determine if the search that revealed the drugs violated Plaintiff's constitutional rights. That would necessarily interfere with Plaintiff's ongoing state-court criminal proceedings. This Court must abstain from interfering in those proceedings. *Kugler v. Helfant*, 421 U.S. 117, 123–24 (1975) (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)).[2] *See also Boyd v. Georgia*,

---

interest such as race. *See Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) ("To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race.") (citation and internal quotation marks omitted).

[2] Under *Younger*, a state judicial proceeding is considered "pending" through the state appeals process. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975). Thus, Plaintiff's criminal proceedings are still pending because neither the time to file a motion for a new trial nor the time to file a notice of appeal has elapsed. *See* Rule 3.590(a), Fla.R.Crim.P. ("In cases in which the state does not seek the death penalty, a motion for new trial. . .may be made. .

512 F. App'x 915, 918 (11th Cir. 2013) ("The requested relief 'need not directly interfere with an ongoing proceeding'; abstention is required even when the federal proceeding will indirectly interfere with the state proceeding." (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir.2003))). Thus, the Court must stay this action until the state criminal proceedings conclude. *Tribble v. Tew*, 653 F. App'x 666, 667 (11th Cir. 2016) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)) ("Tribble seeks money damages, which are unavailable in his state criminal proceeding, and Tribble correctly notes that his right to seek relief at a later date may be frustrated by the applicable statutes of limitation.").

Accordingly, Plaintiff's claims under the Fifth, Eighth, and Fourteenth Amendments are **DISMISSED** for failure to state a claim on which relief may be granted. His Fourth Amendment claim remains. The Clerk is directed to **STAY** and **ADMINISTRATIVELY CLOSE** this case until Plaintiff's state criminal proceedings conclude. Not later than 30 DAYS after the state criminal proceedings conclude,

---

.within 10 days after the rendition of the verdict. . . .); *Radford v. State*, 713 So. 2d 1068, 1068 (Fla. 2d DCA 1998) ("[F]inality of the judgment and sentence, however, does not occur until the expiration of the thirty days allowed criminal defendants to file a notice of appeal therefrom."); Rule 9.140(b)(3), Fla.R.App.P. ("The defendant must file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence. . . .").

3

Plaintiff must move to lift the stay and to re-open this case. Failure to timely comply will result in dismissal of this action.

**DONE** and **ORDERED** in Tampa, Florida on May 9, 2024.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*